UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**GRACIELA R. ESQUIVEL,**

    *Plaintiff*,

v.                                                                                  No. SA-19-CV-00143-JKP

**CORECIVIC, INC., et al.,**

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion for reconsideration filed by Plaintiff Graciela Esquivel. *ECF No. 36*. On December 14, 2020 the Court entered a Memorandum Opinion and Order (ECF No. 31) Final Judgment (ECF No. 32) granting Defendants' motion for summary judgment (ECF No. 15) and dismissing this case. After an extension of time, Plaintiff filed the instant motion pursuant to Fed. R. Civ. P. 59 & 60. With the filing of the response (ECF No. 38) and the time to reply expired, the motion is ripe for ruling. For the reasons that follow, the Court denies the motion.

Although the motion seeks relief under both Rule 59 and 60, the Court construes the motion as a motion under Rule 59(e). "[A] motion asking the court to reconsider a prior ruling is evaluated either as a motion to alter or amend a judgment under Rule 59(e) or as a motion for relief from a final judgment, order, or proceeding under Rule 60(b), depending on when the motion was filed." *In re Franklin*, 832 F. App'x 340, 341 (5th Cir. 2020) (per curiam) (internal quotation marks and citation omitted). "Such a motion is construed as one under Rule 59(e) if filed within 28 days of the judgment being challenged and as one under Rule 60(b) if filed more

than 28 days after the challenged judgment." *Id.* Here, the Judgment was entered on December 14, 2020, and the motion for reconsideration was filed on January 11, 2021. Accordingly, because the motion was filed within 28 days of the Judgment, the Court construes the motion as a Rule 59(e) motion.

Through Fed. R. Civ. P. 59(e), litigants may move "to alter or amend a judgment," so long as they do so within twenty-eight days of the entry of judgment. *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). Rule 59(e) provides courts with an opportunity to remedy their "own mistakes in the period immediately following" their decisions. *See id*. (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). Given "that corrective function," courts generally use the rule "only to reconsider matters properly encompassed in a decision on the merits." *Id*. (internal quotation marks and brackets omitted). While "courts may consider new arguments based on an 'intervening change in controlling law' and 'newly discovered or previously unavailable evidence,'" they "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id*. at 450 & n. 2.

A Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *T. B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d. 1047, 1051 (5th Cir. Nov. 23, 2020) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). Such a motion is for that "narrow purpose" only and courts "sparingly" use the "extraordinary remedy" to reconsider "a judgment after its entry." *Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (citations omitted). Courts, nevertheless, "have 'considerable discretion in deciding whether to reopen a case under Rule 59(e).'" *Id*. (quoting *Edward H. Bohlin Co. v. The Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).

Plaintiff contends that the Court's identification of some conflicting testimony and some testimony that is susceptible to differing interpretations establishes a genuine dispute of material fact. *ECF No. 36 at 3*. Plaintiff does not explain what genuine issue of material fact is established and the single paragraph she dedicates to this argument does not overcome the Court's conclusion that when considering the evidence in the light most favorable to Plaintiff, she did not establish constructive discharge. Moreover, this argument is merely an attempt to relitigate the motion for summary judgment. This attempt to get "a second bite of the apple" on an issue previously addressed by the Court is an improper use of a Rule 59(e) motion. *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Texas*, No. H-08-2379, 2010 WL 2245075, at *1 (S.D. Tex. Jun. 2, 2010).

Plaintiff also asserts that the Court did not appropriately consider Plaintiff's assignment to tasks that caused her pain or her testimony that her supervisors "badgered, harassed and embarrassed her by ridiculing her injury." *ECF No. 36 at 5*. Plaintiff asks the Court to revisit its analysis of Plaintiff's work conditions after her November 2, 2017 injury by reexamining the evidence of Ms. Esquivel's physical pain and her supervisors' responses to her complaints and requests for light duty.

CoreCivic hired Graciela Esquivel as a Resident Supervisor on May 4, 2015. Ms. Esquivel expressed an interest in and was assigned to the intake department, where she worked without incident for the next two years. In the spring of 2017, Ms. Esquivel experienced a medical issue, for which she took medication that made her drowsy. During this period Ms. Esquivel was tardy to work fourteen times. She received two disciplinary citations for her tardiness. Ms. Esquivel was diagnosed with vertigo and took FMLA leave from June 23, 2017 through September 29, 2017.

On November 2, 2017, Ms. Esquivel was injured at work while lifting boxes. From November 6, 2017 until her resignation, she had lifting and reaching restrictions. Nonetheless, she was assigned tasks that required lifting and reaching, which caused her excruciating pain. She verbally complained to her supervisors but they only mocked her.

Ms. Esquivel filed six incident reports between November 17, 2017 and November 26, 2017. In these written reports she complained that (1) she wanted to return to intake; (2) she felt that one of her supervisors did not like her and was discriminating against her because the supervisor assigned her friends to intake rather than assigning Ms. Esquivel to intake; and (3) her supervisor was allowing other employees to violate protocol while telling Ms. Esquivel she had to follow the rules. The written reports do not mention that assigned tasks were causing Ms. Esquivel physical pain or that she was being assigned to tasks that violated her lifting and reaching restrictions. *ECF No. 20-2 at 107*-116. Ms. Esquivel submitted a two-week notice on December 4, 2017. *Id. at 39, 118*.

The burden of proof on an allegation of constructive discharge lies with the plaintiff who must establish that "a reasonable person in the plaintiff's shoes would have felt compelled to resign." *Haley v. All. Compressor LLC*, 391 F.3d 644, 650 (5th Cir. 2004) (citation omitted). In the constructive discharge context, the Fifth Circuit has held that "a reasonable employee attempts resolution of employment concerns before quitting." *Caldwell v. Lozano*, 689 F. App'x 315, 320 (5th Cir. 2017) (per curiam). And that the "obligation to be reasonable [includes] an obligation not to assume the worst, and not to jump to conclusions too fast." *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 481-82 (5th Cir. 2008) (citation omitted). Moreover, a reasonable employee pursues less drastic options, "such as pursuing an internal grievance process," before choosing to leave her job. *Haley,* 391 F.3d at 652 (collecting cases).

Ms. Esquivel pursued CoreCivic's internal grievance process but submitted her two-week notice just eighteen days after filing the first grievance. She testified that the Warden "seemed pretty upset" that supervisor Rodriguez "hadn't informed him of what was going on" but she did not give the Warden the opportunity to address her concerns or attempt resolution. *See ECF No. 20-2 at 40*. Ms. Esquivel also testified that she "had a doctor's excuse to be off" until December 17, 2017. *Id. at 39*. And her testimony does not indicate that she was pressed to return to work or that she experienced any negative consequences for being off work during this time. Thus, it appears she was not being forced to work while in pain. Additionally, her testimony reflects that she was communicating with her physician and with HR during this time, which indicates she could also have used the time to pursue resolution of her grievances. Accordingly, Plaintiff's evidence does not establish that in these circumstances a reasonable person would have felt compelled to resign.

Because Plaintiff's arguments do not demonstrate a manifest error of law or fact in the Court's decision or any other circumstances justifying alteration or amendment of the Court's decision granting summary judgment in favor of Defendants, the extraordinary relief provided by Rule 59(e) is not justified in this case. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 36).

**It is so ORDERED this 10th day of May 2021**.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE